STATE OF MINNESOTA

IN SUPREME COURT

A14-1553


In re Petition for Disciplinary Action against
Kristi Dannette McNeilly, a Minnesota Attorney,
Registration No. 341265.


ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition

for disciplinary action alleging that respondent Kristi Dannette McNeilly committed

professional misconduct, namely, engaging in a conflict of interest; after terminating

representation, failing to communicate important dates to a client, failing to promptly

return client files, and making misrepresentations to a District Ethics Committee

investigator; bringing a lawsuit based, in part, on an ethics complaint filed with the

Director; and engaging in a pattern of misconduct in mortgage modification matters by

failing to act diligently, failing to adequately communicate with clients, failing to

promptly return client files, attempting to charge for copying client files without the

appropriate written agreement, and making misrepresentations, in violation of Minn. R.

Prof. Conduct 1.3, 1.4, 1.7(a)(2), 1.16(d) and (f), 3.1, 8.1(a), and 8.4(c) and (d), and Rule

21, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives her procedural rights under Rule 14, RLPR, withdraws the

answer she previously filed, and unconditionally admits the allegations in the petition for

disciplinary action. The parties jointly recommend that the appropriate discipline is a

1

public reprimand and 3 years of supervised probation. In their stipulation for discipline, the parties indicate that respondent raised as mitigation to the Director her mental health issues and the great personal stress in her life at the time of her misconduct.

The court has independently reviewed the files and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1.    Respondent Kristi Dannette McNeilly is publicly reprimanded.

2.    Respondent shall be subject to supervised probation for a period of 3 years, beginning on the date of the filing of this order, with the following terms and conditions:

> a.    Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation.

> b.    Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks of the date of the filing of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of active client files, as described in paragraph c below. Respondent shall make active client files available to the Director upon request.

c.	Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

d.	Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons with an interest in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e.	Respondent shall abide by the Minnesota Rules of Professional Conduct.

f.	Respondent shall undergo a complete psychological evaluation by a licensed psychiatrist, licensed psychologist, or other mental health professional acceptable to the Director and shall comply with all resulting recommendations.

g.	Respondent shall initiate or continue treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

3.	Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

Dated: February 18, 2015

BY THE COURT:

_____
Alan C. Page
Associate Justice

3